64 Cal.2d 880 (1966)
THOMAS ROY PEYTON, Plaintiff and Appellant,
v.
BARRINGTON PLAZA CORPORATION, Defendant and Respondent.
L. A. No. 28449. 
Supreme Court of California. In Bank. 
May 10, 1966.
 Saul S. Kreshek, A. L. Wirin, Fred Okrand, and Sam Rosenwein for Plaintiff and Appellant.
 John F. Duff, Richard G. Logan, Cyril A. Coyle, James S. DeMartini, Thomas Arata, William J. Bush, Peter J. Donnici, James T. McDonald, Richard B. Morris, Richard A. Bancroft, Jack Greenberg, Robert M. O'Neil, Joseph B. Robison, Sol Rabkin, Duane B. Beeson, Seymour Farber, Robert H. Laws, Jr., Howard Nemerovski, John G. Clancy and Ephraim Margolin as Amici Curiae on behalf of Plaintiff and Appellant.
 Malat & Malat and Ned R. Nelsen for Defendant and Respondent.
 Gibson, Dunn & Crutcher, William French Smith, Samuel O. Pruitt, Jr., and Charles S. Battles, Jr., as Amici Curiae on behalf of Defendant and Respondent.
 Memorandum
 PEEK, J.
 Plaintiff, a physician and member of the Negro race, appeals from a judgment for defendant on the pleadings in an action for injunctive relief under sections 51 and 52 of the Civil Code. [fn. 1]
 Plaintiff alleges that the defendant is a corporation organized and existing under the laws of the State of California; *881 that it is engaged in the business of constructing and operating rental housing projects, and particularly the "Barrington Plaza" in the City of Los Angeles; that in the development of Barrington Plaza defendant received public assistance and the state was involved in the project; that defendant denied to plaintiff the rental of an apartment in Barrington Plaza solely because of plaintiff's race; that plaintiff has no adequate remedy at law to compel defendant to lease an apartment to him, and that plaintiff will suffer irreparable damage if not permitted to lease or occupy an apartment at Barrington Plaza.
 The answer admits that defendant is generally engaged in the business alleged, but denies the operative portions of the complaint. Issues were drawn when plaintiff moved for a preliminary injunction and supported the motion with the declaration of one Ed Cray. The Cray declaration, which we must deem as undisputed, sets out that defendant received a $17,000,000, low interest rate loan under the National Housing Act to construct Barrington Plaza; that such sum represents 90 percent of the construction costs of the plaza; that the development is a part of the urban redevelopment program undertaken by the City of Los Angeles; that Barrington Plaza is the largest apartment development in the western United States, providing apartment living for 2,500 people; that it includes many retail shops and professional services within its self-contained facilities; that it provides a fall-out shelter, completely stocked by the federal government with emergency supplies; that the plaza replaced private homes of both Caucasians and non- Caucasians; that the city effected zoning changes to accommodate the development; that the defendant's securities were sold, its construction contracts were let, its building permits were issued and its shops and professional services established all pursuant to state or local approval, cooperation and authority.
 At the hearing on the motion for a preliminary injunction defendant moved for judgment on the pleadings. It was stipulated that the Cray declaration would serve to limit the extent of public assistance and state involvement alleged in the complaint. The motion for judgment on the pleadings was granted on the ground that the complaint failed to state facts sufficient *882 to constitute a cause of action by reason of article I, section 26, of the California Constitution. That section provides in pertinent part: "Neither the State nor any subdivision thereof shall deny, limit or abridge, directly or indirectly, the right of any person, who is willing or desires to sell, lease or rent any part or all of his real property, to decline to sell, lease or rent such property to such person or persons as he, in his absolute discretion, chooses." "Persons" are defined to include "corporations," and "real property" is defined to include an apartment of the type here involved.
 We have concluded today in Mulkey v. Reitman, ante, p. 529 [50 Cal.Rptr. 881, 413 P.2d 825], that article I, section 26, is, in its entirety, an unconstitutional infringement of the equal protection clause of the Fourteenth Amendment to the federal Constitution. The circumstances in the Mulkey case are indistinguishable from the instant circumstances except that in the instant case there is conceded evidence of the fact that both the federal government, through its substantial financial assistance to defendant, and the state and municipal governments, through their participation in effecting urban redevelopment, are further significantly involved in the discriminatory acts. The "state action" which was evident in Mulkey without this facet of state participation is thus even more positively identified in the instant case. (See Burton v. Wilmington Parking Authority, 365 U.S. 715 [81 S.Ct. 856, 6 L.Ed.2d 45].)
 For the foregoing reasons the trial court was not justified in relying upon article I, section 26, in concluding that plaintiff failed to state a cause of action under sections 51 and 52 of the Civil Code. Accordingly, the judgment is reversed.
 Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.
 WHITE, J. [fn. *]
 I dissent.
 The pleadings in this case (count IV of the complaint) contained the allegation that defendant Barrington Plaza is a "publicly assisted housing accommodation" within the meaning of section 35700 of the Health and Safety Code. This being the only count of the complaint alleging that defendant was operating a "publicly assisted housing accommodation," the court was concerned as to whether the government had participated *883 to such an extent in its activities as to render defendant subject to restraints contained in the Fourteenth Amendment of the Constitution of the United States. (Burton v. Wilmington Parking Authority, 365 U.S. 715 [81 S.Ct. 856, 6 L.Ed.2d 45].) As to the extent of governmental activities, plaintiffs relied upon a written declaration of one Ed Cray who had made an investigation of the Barrington Plaza Corp. which indicated, among other things, that defendant corporation received a $17,000,000 loan at 5 1/4 percent interest under the National Housing Act to construct Barrington Plaza and that the development of Barrington Plaza was part of the city's urban development program. After some discussion concerning a stipulation as to the facts so that the court could determine its right to rule on the motion as presenting a legal rather than factual issue, the court said: "The point I am really trying to make here is that if the stipulation goes to the point that there was no tax exemption enjoyed by Barrington Plaza, that the property was not sold by the State below cost to Barrington Plaza, that the property was not acquired for purposes of construction by the State, either through the exercise of its power of eminent domain or otherwise, that there was no vacation of the public streets or laying out of other streets; that there was no preparation of the site by the government--that is, no participation in the demolition of buildings--that there was no control of rents or return on the investment, I think then we could reduce the matter to a point where the court could rule."
 Thereupon, Mr. Wirin, of counsel for plaintiffs, stated: "Your Honor, we are prepared to stipulate that the matter may be so reduced. I mean by that, the matter which your Honor had just stated, we would concede." The stipulation was accepted by counsel for Barrington Plaza.
 At a subsequent hearing, the record reveals the following:
 "The Court: ... I had actually reserved ruling as to that latter count (IV) only because I was concerned with the question of whether the FHA financing that existed was initiated prior to the existence of any executive order or regulations of the FHA concerning discrimination; and I understand, now, that it is the position of all counsel in the case that as far as they are concerned that the FHA financing that exists preceded any such executive order and regulations pursuant thereto."
 "Am I correct?"
 "Mr. Wirin: That is correct. *884 "
 "Mr. Kreshek: Correct, Your Honor."
 "Mr. Nelson: Correct, Your Honor."
 Thereupon the court granted defendant's motion for judgment on the pleadings as to count IV.
 In view of the foregoing and for the reasons stated in my dissent in Mulkey v. Reitman, ante, p. 529 [50 Cal.Rptr. 892, 413 P.2d 836], I would affirm the judgment.
 McComb, J., concurred.
 Section 52 of the Civil Code provides as follows: "Whoever denies, or who aids, or incites such denial, or whoever makes any discrimination, distinction or restriction on account of color, race, religion, ancestry, or national origin, contrary to the provisions of Section 51 of this code, is liable for each and every such offense for the actual damages, and two hundred fifty dollars ($250) in addition thereto, suffered by any person denied the right provided in Section 51 of this code."
NOTES
[fn. 1] 1. Civil Code, section 51, provides as follows: "All persons within the jurisdiction of this State are free and equal, and no matter what their race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."
[fn. *] *. Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.